# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

August 7, 2026

Lyle W. Cayce
Clerk

No. 25-10322

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

PAUL ANTHONY WILLIAMS,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:24-CR-223-1

Before KING, HIGGINSON, and DUNCAN, *Circuit Judges*.

STEPHEN A. HIGGINSON, *Circuit Judge*:

Paul Anthony Williams pleaded guilty to possessing a firearm as a felon in violation of 18 U.S.C. § 922(g)(1). The district court sentenced Williams as a career offender under U.S.S.G. § 2K2.1(a)(2), concluding that he had committed the instant offense after sustaining two felony convictions classified as "crimes of violence" under the Sentencing Guidelines and assigning him a commensurate enhanced base offense level. It also added two criminal history points for a California drug conviction. On appeal, Williams challenges his sentence on two grounds. First, he argues that his 2006 California robbery conviction does not qualify as a crime of violence under

the Guidelines. Second, he asserts that the district court impermissibly added to his criminal history because his California drug conviction was uncounseled. In support of this second argument, he seeks to supplement the record. We GRANT Williams's motion to supplement the record. But because we conclude that California robbery qualifies as a crime of violence and that no plain error results from the addition of criminal history points based on Williams's allegedly uncounseled California drug conviction, we AFFIRM.

I.

Paul Anthony Williams pleaded guilty to possessing a firearm as a felon in violation of 18 U.S.C. § 922(g)(1). In doing so, he also admitted to numerous predicate offenses in California. His 2006 conviction for robbery under California Penal Code § 211 (California robbery conviction) and his 2013 conviction for possession or purchase of cocaine base for sale (California drug conviction) anchor this appeal.

Applying U.S.S.G. § 2K2.1(a)(2), the presentence report (PSR) assigned Williams a base offense level of 24, finding he had sustained two felony convictions classified as crimes of violence or controlled substance offenses, specifically, his California robbery conviction and another drug conviction. In computing his criminal history, the PSR also added two points for the California drug conviction. Below its description of the conviction, the PSR noted that Williams's "[a]ttorney representation [wa]s unknown; however, according to California State Law, individuals accused of any felony must have legal representation or intelligently waive such right to the Court's satisfaction." After subtracting three levels for acceptance of responsibility, the PSR totaled Williams's base offense level at 21, which, with a criminal history category of VI, provided a Guidelines range of 77 to 96 months of imprisonment.

Williams objected to the PSR's enhanced base offense level, urging that his California robbery conviction no longer qualified as a crime of violence under the applicable definition of robbery in U.S.S.G. § 4B1.2(e)(3), which the U.S. Sentencing Commission had added in 2023. Following probation's recommendation that the district court overrule the objection, Williams again objected at his sentencing hearing. The district court agreed with the government, which asserted that pre-amendment precedent remained good law, and overruled Williams's objection. Williams did not object to the addition of two criminal history points for his California drug conviction based on lack of counsel.

Adopting the PSR and the Guidelines range it set, the district court sentenced Williams to 77 months imprisonment. Williams timely appealed. Once before our court, he moved to supplement the record with what he labels a "certified docket" from his California robbery conviction.[1]

## II.

We start with Williams's challenge to his enhanced sentence based on his predicate California robbery conviction, which we review de novo since Williams objected to the district court's interpretation of the Guidelines. *See United States v. Quintanilla*, 114 F.4th 453, 475 (5th Cir. 2024).

Guidelines § 2K2.1 provides sentencing instructions for § 922(g)(1) offenses. Under that provision, a defendant who commits any part of the § 922(g)(1) offense after committing at least two felony convictions of "either a crime of violence or a controlled substance offense" has a base offense level of 24. U.S.S.G. § 2K2.1(a)(2). By contrast, where the defendant has committed only one crime of violence or controlled substance offense

---

[1] The submitted document is itself labeled a "Certificate of Clerk re: Name Search Results."

before the instant offense, the defendant's base offense level is 20. *Id.*
§ 2K2.1(a)(4).

Guidelines § 4B1.2 defines "crime of violence" as "any offense under
federal or state law, punishable by imprisonment for a term exceeding one
year" that either: (1) "has as an element the use, attempted use, or
threatened use of physical force against the person of another"; or (2) "is
murder, voluntary manslaughter, kidnapping, aggravated assault, a forcible
sex offense, robbery, arson, extortion, or the use or unlawful possession of a
firearm . . . or explosive material." *Id.* § 4B1.2(a). The first of these clauses
is called the "force clause," the latter the "enumerated offense
clause." *United States v. Garner*, 28 F.4th 678, 681 (5th Cir. 2022) (per
curiam).

In 2023, the Sentencing Commission amended the Guidelines,
defining robbery under the enumerated offense clause as:

> [T]he unlawful taking or obtaining of personal property from
> the person or in the presence of another, against his will, by
> means of actual or threatened force, or violence, or fear of
> injury, immediate or future, to his person or property, or
> property in his custody or possession, or the person or property
> of a relative or member of his family or of anyone in his
> company at the time of the taking or obtaining.

U.S.S.G. § 4B1.2(e)(3). This definition is identical to that of robbery under
the Hobbs Act. *See* 18 U.S.C. § 1951(b)(1). That parallel was no error. In
commentary accompanying the amendment, the Sentencing Commission
noted that the courts of appeals had largely excluded Hobbs Act robbery from
the crime-of-violence category, since it encompassed threats against both
property and people. *See* U.S. Sent'g Comm'n, Amendments to
the Sentencing Guidelines 96–97 (Apr. 27, 2023),
https://www.ussc.gov/sites/default/files/pdf/amendment-process/reader-

No. 25-10322

friendly-amendments/202305_RF.pdf (collecting cases); *United States v. Scott*, 14 F.4th 190, 195 (3d Cir. 2021) (concluding that Hobbs Act robbery did not qualify as a crime of violence under either the force clause or enumerated offense clause because it permitted threats to persons and property). The amendment sought to end that practice. *See* U.S. Sent'g Comm'n, Amendments to the Sentencing Guidelines 96–97.

Before the Sentencing Commission amended the Guidelines, we determined that California robbery qualified as a crime of violence under the enumerated offense clause of the Guidelines. *See United States v. Tellez-Martinez*, 517 F.3d 813, 815 (5th Cir. 2008) (per curiam). Our conclusion resulted from the "generic" definition of robbery, "containing at least the elements of misappropriation of property under circumstances involving immediate danger to the person"—elements that we found in the California robbery statute. *Id.* (cleaned up).

Yet, as we recognized in *United States v. Wickware*, the 2023 Amendment's new definition disrupted our pre-Amendment case law interpreting the Guidelines. *See* 143 F.4th 670, 673 (5th Cir.) (per curiam), *as revised on reh'g* (July 22, 2025). We thus consider anew whether California robbery qualifies as an enumerated offense. We conclude that it does.

The California robbery statute prohibits "the felonious taking of personal property in the possession of another, from his person or immediate presence, and against his will, accomplished by means of force or fear." Cal. Penal Code § 211; *see also Tellez-Martinez*, 517 F.3d at 815. California law defines "fear" as either the "fear of an unlawful injury to the person or property of the person robbed, or of any relative of his or member of his family" or the "fear of an immediate and unlawful injury to the person or property of anyone in the company of the person robbed at the time of the robbery." Cal. Penal Code § 212. In *People v. Anderson*, the California

No. 25-10322

Supreme Court upheld a California robbery conviction where the defendant used force against the victim but did not "inten[d] to strike or frighten" the victim. 252 P.3d 968, 972 (Cal. 2011). It reasoned that California robbery did not have an "unidentified element of intent to cause the victim to experience force or fear." *Id.* Although outside the Guidelines context, the Ninth Circuit, relying on *Anderson*, has concluded that California robbery is "not a categorical match" for a "violent felony" under the Armed Career Criminal Act (ACCA) because one may effectuate a California robbery by "*accidentally* using force." *United States v. Dixon*, 805 F.3d 1193, 1197 (9th Cir. 2015).[2]

To determine whether a state crime qualifies as an enumerated offense, we use the categorical approach, comparing the elements of California robbery and Guidelines robbery, using the Guidelines' plain meaning. *See Wickware*, 143 F.4th at 674; *see also Taylor v. United States*, 495 U.S. 575, 600 (1990). "If the elements of the [state] offense are the same or narrower than those of the [Guidelines] offense, then it qualifies for whatever consequences under federal law attach to the [Guidelines] offense." *Wickware*, 143 F.4th at 674 (quoting *United States v. Martinez-Rodriguez*, 857 F.3d 282, 285 (5th Cir. 2017)). Where the state offense has broader elements than the Guidelines offense, the state predicate cannot support an enhancement. *Id.*

Williams argues that California robbery possesses broader elements than Guidelines robbery under the enumerated offense clause because it permits a conviction for reckless conduct, whereas he understands

---

[2] "Because of the similarities between [4B1.2(a) and 18 U.S.C. § 924(e), ACCA's statutory enhancement], we treat cases dealing with these provisions interchangeably." *United States v. Moore*, 635 F.3d 774, 776 (5th Cir. 2011), *abrogated on other grounds by Johnson v. United States*, 576 U.S. 591 (2015).

Guidelines robbery to require specific intent. He offers a creative three-step argument urging us to find this mismatch. First, he asserts that Hobbs Act robbery excludes recklessness as a culpable mens rea.[3] Second, he argues that, because Hobbs Act robbery requires the intentional use of force, so too does Guidelines robbery. Third, he contends that, because the California Supreme Court has upheld a state robbery conviction where the defendant used force but did not "inten[d] to strike or frighten" the victim, *see Anderson*, 252 P.3d at 972, California robbery is broader than its Guidelines comparator.

But despite how courts may have interpreted the Hobbs Act, Guidelines robbery contains no explicit mens rea instruction, and our case law makes clear that we rarely import elements sub silentio. Indeed, we have repeated that the Guidelines "drafters have been explicit when they wished to import a mens rea requirement." *United States v. Serfass*, 684 F.3d 548, 551 (5th Cir. 2012) (quoting *United States v. Singleton*, 946 F.2d 23, 25 (5th Cir. 1991)). Because the plain language of § 4B1.2(e)(3) lacks any intent requirement, that silence "suggests that no scienter is required." *United States v. Corona-Montano*, 168 F.4th 349, 351 (5th Cir. 2026) (per curiam) (quoting *United States v. Gutierrez-Jaramillo*, 467 F. App'x 301, 303 (5th Cir. 2012)); *see also Singleton*, 946 F.2d at 24–25.

In interpreting the Guidelines, we generally "apply the ordinary rules of statutory construction," *Serfass*, 684 F.3d at 551, but an important

---

[3] Although we have not explicitly addressed the mens rea required for Hobbs Act robbery, the parties do not dispute that it excludes the reckless use of force. We have also affirmed that Hobbs Act robbery is a crime of violence under the identical force clause of 18 U.S.C. § 924(c), meaning it must have a mens rea surpassing recklessness. *See United States v. Hill*, 63 F.4th 335, 362–63 (5th Cir.), *as revised on reh'g* (Mar. 22, 2023); *see also Borden v. United States*, 593 U.S. 420, 432 (2021) (concluding that reckless conduct does not fall into the force clause of 18 U.S.C. § 924(c)).

exception interpreting silence on intent operates here. In the statutory context, silence "normally creates ambiguity." *Barnhart v. Walton*, 535 U.S. 212, 218 (2002). In the Guidelines context, however, we have equated silence with unambiguity. *See, e.g.*, *Corona-Montano*, 168 F.4th at 351. Where the "plain language of the guideline contains no express mens rea requirement . . . no scienter is required" and the "guideline is unambiguous." *Id.* (cleaned up). The same is true here. We decline Williams's invitation to import an intentional mens rea requirement into the Guidelines definition of robbery.

Additional clues support this conclusion. As the government points out, textual distinctions between the Guidelines' force clause—which does not encompass crimes that may be committed recklessly—and its robbery definition may evidence that scienter differs between the two. In *Borden v. United States*, the Supreme Court held that a crime could not qualify as a valid ACCA predicate if it required only a mens rea of recklessness, examining the statute's parallel force clause defining "violent felony." 593 U.S. at 423. *Borden*'s interpretation hinged on ACCA's language, defining a "violent felony" as one that "has as an element the use, attempted use, or threatened use of physical force *against* the person of another." 18 U.S.C. § 924(e)(2)(B)(i) (emphasis added); *see also Borden*, 593 U.S. at 430–34. The modifier "against" required that there be "a conscious object" of the action, not "mere[ly] [a] recipient." *Borden*, 593 U.S. at 430.

ACCA's language mirrors the Guidelines' force clause too, which requires the use of force "*against* the person of another." § 4B1.2(a)(1) (emphasis added). But the Guidelines definition of robbery under the enumerated offense clause—proscribing the taking of property "by means of actual or threatened force"—lacks the augmenting modifier that "demand[s] that the person applying force have the purpose or practical

certainty that it will cause harm." *Voisine v. United States*, 579 U.S. 686, 693 (2016) (distinguishing the use of force from the use of force against).

The potential mismatch between Hobbs Act robbery and parallel language in the Guidelines may be intuitively strange, but this court has distinguished between strict liability crimes and strict liability sentencing enhancements in other contexts. *See Singleton*, 946 F.2d at 26 (holdings of cases assessing strict liability crimes do not impact court's assessment of strict liability sentencing enhancements); *Corona-Montano*, 168 F.4th at 352 (same). Strict liability sentencing enhancements are merely "part of a sentencing court's quest to formulate a proper sentence." *Singleton*, 946 F.2d at 26. Regardless, an oddity of this type does not rise to the level of absurdity required to preclude a plain reading of the Guidelines. *See Serfass*, 684 F.3d at 551.

Without any specific scienter requirement, Guidelines robbery provides a categorical match for California robbery. Accordingly, the district court did not err in enhancing Williams's sentence.[4]

### III.

Next, we assess whether the district court erred in adding two criminal history points based on Williams's California drug conviction, which he argues was uncounseled and therefore the sentence of which cannot provide a permissible basis for enhancement. To fully examine the issue, we GRANT his motion to supplement the record, and review for plain error. *See United States v. Martinez-Vega*, 471 F.3d 559, 563 (5th Cir. 2006)

---

[4] Williams argues that California robbery does not qualify as a crime of violence under both the force and enumerated offense clauses. Because we conclude that California robbery qualifies as a crime of violence under the enumerated offense clause, we do not address Williams's force clause argument.

(reviewing for plain error "at the time of appellate consideration"); *United States v. Wikkerink*, 841 F.3d 327, 332 (5th Cir. 2016).

Plain error presents a high bar. It occurs when: "(1) there was an error; (2) the error was clear and obvious; and (3) the error affected the defendant's substantial rights." *Wikkerink*, 841 F.3d at 331 (quoting *United States v. Gonzalez–Terrazas*, 529 F.3d 293, 296 (5th Cir. 2008)). "[I]f the above three prongs are satisfied, the court of appeals has the discretion to remedy the error—discretion which ought to be exercised only if the error seriously affects the fairness, integrity or public reputation of judicial proceedings." *Puckett v. United States*, 556 U.S. 129, 135 (2009) (cleaned up).

Williams cannot satisfy the demands of the plain error test.

A conviction obtained in state or federal court "in violation of a defendant's Sixth Amendment right to counsel cannot be used in a subsequent proceeding either to support guilt or enhance punishment for another offense." *United States v. Bryant*, 579 U.S. 140, 150, *as revised* (July 7, 2016) (cleaned up). Williams acknowledges that he bears the burden of proving that his prior conviction is invalid. To show error, he must establish the denial of counsel in his California drug prosecution by a "preponderance of the relevant and sufficiently reliable evidence." *United States v. Richardson*, 781 F.3d 237, 249 (5th Cir. 2015) (quoting *United States v. Alfaro*, 919 F.2d 962, 965 (5th Cir. 1990)); *see also United States v. Howard*, 991 F.2d 195, 199 (5th Cir. 1993).

The district court, relying on the PSR's statement that California law requires individuals with felony convictions to "have legal representation or intelligently waive such a right to the Court's satisfaction," presumed Williams's California drug conviction comported with the law. Such an assumption was not in error.

No. 25-10322

Our case law dictates that, where the record contains some ambiguity about whether a prior conviction was uncounseled, courts may presume the challenged state conviction complied with constitutional mandates. *See, e.g.*, *United States v. Guerrero-Robledo*, 565 F.3d 940, 943–45 (5th Cir. 2009); *accord People v. Horton*, 906 P.2d 478, 521 (Cal. 1995) (noting that under California law "[a] prior conviction carries a strong presumption of constitutional regularity" (cleaned up)).

In *Guerrero-Robledo*, for example, we examined a variant of this precise issue. Guerrero's PSR provided that he proceeded pro se but was "silent with respect to his waiver of the right to counsel." 565 F.3d at 942. Just as the PSR here noted relevant California law, Guerrero's PSR stated that, under South Carolina law, "all defendants are advised of their right to counsel and that indigent defendants are appointed counsel" unless they knowingly waive their right to it. *Id.* The government argued that the state conviction should be "afforded a presumption of regularity." *Id.* at 943. We agreed with the government, finding "no error in presuming that Guerrero validly waived his right to counsel, much less plain error" in part because the right to counsel had been established under South Carolina law. *Id.* at 944–45 ("[W]here the right to counsel is well established, it may be permissible to presume from a silent record that the waiver of counsel is valid.").[5]

---

[5] We separately note that we have concluded that district courts do not plainly err in assuming a prior conviction was constitutional when presented with evidence that state law affords a right to attorney representation, even where the "record reveals an unexplained absence of counsel." *United States v. Velasquez-Ramirez*, 376 F. App'x 445, 448 (5th Cir. 2010) (per curiam) (cleaned up). At times, we have even labeled the question of whether a defendant "was represented by counsel on a prior conviction" as a "question of fact that could have been resolved at sentencing following a proper objection" and thus the type of question "capable of resolution by the district court [that] can never constitute plain error." *United States v. Martinez-Mier*, 566 F. App'x 328, 330 (5th Cir. 2014) (citing *United States v. Chung*, 261 F.3d 536, 539 (5th Cir. 2001)).

No. 25-10322

Even considering the record now before us, we cannot determine that any error is so plain or obvious as to warrant relief. The document we now enter into the record indicates the following: Williams was arraigned on March 29, 2013; he was assigned a public defender; and he was advised of his constitutional rights, including his right to representation. Williams pled down the first count of his drug charge to a misdemeanor count and was immediately sentenced. The state court placed him "on deferred entry of judgment" for a two-year period and ordered him to file "proof of enrollment in the deferred entry of judgment program" by May 28, 2013.[6] The court called the case "for proof of enrollment" in the deferred entry of judgment program on July 29, 2013. On that date, the court found Williams "failed to comply with the terms and conditions of probation," revoked probation, and issued a bench warrant. Later, on June 7, 2018, the case was called for sentencing, at which the defendant was "not present in court, and not represented by counsel." The document notes that the District Attorney's office "received a letter from the defendant who is incarcerated," but does not detail what the letter stated. The court ordered probation denied and sentenced Williams to "364 days in Los Angeles County Jail" with "total credit" for that amount of time in custody. Beyond this cursory document—labeled "Name Search Results"—no case records exist. The Deputy Clerk of the Los Angeles Superior Court submitted to Williams's counsel that additional case information "has been purged and/or destroyed pursuant to Court order."

---

[6] California's deferred entry of judgment program appears to be a state diversionary program for drug offenders who meet certain preconditions. *See United States v. Suarez*, 682 F.3d 1214, 1216 (9th Cir. 2012).

Undoubtedly, this document raises concerns. But it does not resolve that Williams's revocation hearing was unconstitutional.[7] We have no transcript of any of the referenced hearings; no indication of what Williams's original plea agreement may have contained (including what rights he may have waived); and no understanding of what Williams's letter to the court said or even was. Although Williams labels this document a "certified docket," it is also unclear how comprehensive it is. For Williams to succeed on plain error, we must find not only a legal error but one that is clear and obvious. *See Puckett*, 556 U.S. at 135. Considering the limited record, we cannot find such an error. That is especially so given the presumption of regularity we afford to state convictions. *See Guerrero-Robledo*, 565 F.3d at 943–45.

The addition of two criminal history points based on Williams's California drug conviction does not constitute plain error.

IV.

Williams argues that 18 U.S.C. § 922(g)(1) is unconstitutional as applied to him but concedes that his argument is foreclosed because he was on probation at the time of the instant offense. *See United States v. Giglio*, 126 F.4th 1039, 1045 (2025); *United States v. Contreras*, 125 F.4th 725, 732–33 (5th Cir. 2025). He also challenges § 922(g)(1) on Commerce Clause grounds but again admits that argument is foreclosed. *See United States v. Alcantar*, 733 F.3d 143, 145–46 (5th Cir. 2013).

---

[7] We address only Williams's claim that the hearing was unconstitutional for lack of counsel, not any separate constitutional issue that could arise from Williams's absence, which Williams did not raise.

No. 25-10322

## V.

For the reasons stated, we AFFIRM the district court's judgment. In so doing, we GRANT Williams's motion to supplement the record on appeal.